[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE #101
On February 10, 1993, the plaintiff, Vincenzi, Inc., a building contractor, filed a one count complaint which seeks to recover for services allegedly rendered to the defendant, Pasquelina Maini. The plaintiff alleges that on July 11, 1991, the parties entered into a contract pursuant to which the plaintiff agreed to construct a wood deck and an addition to the defendant's residence. (A copy of the contract is attached as an exhibit to the complaint.) The plaintiff further alleges that it fully performed on the contract and that the defendant owes $3,010.00 for the work performed by the plaintiff.
On March 26, 1993, the defendant filed a motion to strike CT Page 1653 the plaintiff's complaint on the ground that the parties' home improvement contract does not meet the requirements of General Statutes 20-429, and, therefore, is unenforceable. In response the plaintiff argues that the defendant is acting in bad faith in attempting to avoid paying the balance due on the contract.
A motion to strike tests the legal sufficiency of the allegations of any complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1). Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). A motion to strike admits all facts well-pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 522 A.2d 1235
(1987).
General Statutes 20-429 provides in pertinent part that:
 No home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights. . ., (7) contains a starting and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor.
A review of the parties' contract shows that the contract does not meet the requirements of 20-429. It is not signed by both the contractor and the home owner, it does not contain a notice of the home owner's cancellation rights and it does not contain starting and completion dates.
However, "a home improvement contractor, in suing for breach of a contract that violates 20-429 can avoid the normal bar to his pursuit of such a cause of action by proving that the home owner invoked, in bad faith, the contractor's statutory CT Page 1654 violation as a basis for his own repudiation of the contract." Habetz v. Condon, 224 Conn. 231, 236, 618 A.2d 501 (1992).
In order for the plaintiff to prove that the defendant is acting in bad faith in repudiating the contract, the plaintiff must plead such allegations in its complaint. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [the] complaint." Lamb v. Burns, 202 Conn. 158, 172, 520 A.2d 190 (1987).
The plaintiff does not allege in its complaint that the defendant is acting in bad faith. The plaintiff's complaint is legally insufficient and the defendant's motion to strike is granted.
BALLEN, J.